IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN GERHARTZ,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 PETITION<br><br>Civil Case No. 2:07-CV-935-TC<br><br>Criminal Case No. 2:05-CR-109-TC |

On December 3, 2007, federal prisoner Brian Gerhartz filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. He seeks a court order modifying the sentence he received after pleading guilty in United States v. Runyan et al., Case No. 2:05-CR-109 (D. Utah).[1]

In his Motion, Mr. Gerhartz challenges his mandatory minimum sentence of 120 months incarceration followed by 60 months of supervised release. He contends that the court erred when calculating his criminal history points and finding that he did not qualify for relief from the minimum mandatory sentence through the safety valve provisions of the Sentencing Guidelines. Because Mr. Gerhartz waived his right to collaterally attack his sentence under § 2255, his Motion is DENIED.

---

[1] Mr. Gerhartz requests a hearing on his motion. But the court finds that a hearing would not materially assist the determination in this matter. Accordingly, his request is denied.

**ANALYSIS**

On August 29, 2005, Mr. Gerhartz pleaded guilty in Case No. 2:05-CR-109 to the charge of conspiracy to manufacture (or attempt to manufacture) fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 846 (as alleged in Count 1 of the Indictment).[2]  In his Statement in Advance of Plea of Guilty, he agreed to the following:

> I . . . knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Statement by Def. in Advance of Plea of Guilty (Dkt # 108 in 2:05-CR-109) at 3.)

Such a waiver is enforceable as a matter of law.  See, e.g., United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (holding that express waiver of § 2255 rights in plea agreement is enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly and voluntarily made); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel with respect to plea agreement).

The court finds that Mr. Gerhartz's waiver is valid because the evidence shows that he voluntarily, knowingly and intelligently entered into the plea agreement with the United States.[3]

---

[2]Section 846 of Title 21 of the United States Code requires that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter [including § 841(a)(1)] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  Section 841(a)(1) prohibits, among other unlawful acts, the manufacture or attempted manufacture of 50 grams or more of methamphetamine, and it requires a minimum mandatory sentence of ten years incarceration for such act.

[3]See also Mar. 15, 2007 Order & Judgment of the United States Court of Appeals for the Tenth Circuit, Case No. 07-4009 (Dkt # 210 in 2:05-CR-109) (reviewing same plea agreement at

(See, e.g., Statement in Advance at 6 (containing Mr. Gerhartz's representations supporting finding that he knowingly and voluntarily entered into plea agreement); Tr. of Aug. 29, 2005 Change of Plea Proceedings (Dkt # 207 in 2:05-CR-109) at 4-9, 13-15.)

Further, the exception to the waiver rule does not apply here, because Mr. Gerhartz does not attack the validity of his plea agreement, the proceedings leading up to entry of his guilty plea, or the waiver in his Statement in Advance of Plea of Guilty. See Clingman, 288 F.3d at 1186 (exception to waiver applies if petitioner claims ineffective assistance of counsel with respect to plea agreement).

Instead, he challenges the court's application of the law when the court sentenced him on December 19, 2006. But in his plea agreement, he expressly waived the right to bring such a challenge. Accordingly, he is not entitled to the relief sought in his § 2255 Motion.

## ORDER

For the foregoing reasons, Brian Gerhartz's § 2255 Motion is DENIED.

DATED this 4th day of March, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

issue here and dismissing Mr. Gerhartz's appeal of sentence on basis that he knowingly and voluntarily waived his right to challenge his sentence on the grounds alleged in his appeal).